UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. HEON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  Civil No. 08-140-B-W |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent. | ) |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE AND DENYING
THE CERTIFICATE OF APPEALABILITY**

The Court affirms the Magistrate Judge's Recommended Decision that recommends denial of a petition for habeas corpus under 28 U.S.C. § 2254, but declines to issue a certificate of appealability under 28 U.S.C. § 2253(c)(1).

**I.     THE RECOMMENDED DECISION**

The United States Magistrate Judge filed with the Court on September 5, 2008 her Recommended Decision (Docket # 17) (*Rec. Dec.*). The Petitioner filed a series of objections to the Recommended Decision (Docket #'s 20, 22, 23) between September 17, 2008 and September 26, 2008. The Respondent filed an objection to the Recommended Decision (Docket # 21) on September 19, 2008. The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.

## II. CERTIFICATE OF APPEALABILITY

### A. The Magistrate Judge's Recommendation

Based on the dissent joined by two respected members of the Supreme Judicial Court of Maine, the Magistrate Judge recommended that a certificate of appealability should issue. *See Heon v. Maine*, 2007 ME 131, 931 A.2d 1068. She pointed out that "further appellate review is warranted because quite obviously, reasonable minds can differ." *Rec. Dec.* at 16. It is difficult to gainsay that conclusion. On the other hand, § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

### B. *State v. Heon*

In 2003, Mr. Heon "fired a shotgun from only eight feet away into the window of a vehicle occupied by his ex-girlfriend and her boyfriend." *Heon*, ¶ 2, 931 A.2d at 1069. Indicted on seven separate charges, Mr. Heon pleaded guilty to two Class B aggravated assault felonies and received a sentence of ten years on one and a sentence of ten years on the second, all of the second sentence being suspended. *Id.* ¶¶ 2-3. 931 A.2d at 1069.

### C. The State Post-Conviction Review

Mr. Heon filed a petition for post-conviction review in 2005 and obtained court-appointed counsel. *Id.* ¶ 4, 931 A.2d at 1069. His primary claim was that he had received ineffective assistance of counsel; following a hearing, the post-conviction court denied his petition. *Id.* On September 13, 2007, a divided Supreme Judicial Court of Maine affirmed. *Id.* ¶ 10, 931 A.2d at 1071. On May 2, 2008, he filed the § 2254

petition for writ of habeas corpus with this Court, again claiming ineffective assistance of counsel. The focal point of his claim is that he was not properly advised about "the nature and possible consequences of my Rule 11 plea" and that he was not competent to enter a plea "considering my emotional and physical conditions." *Pet. for Writ of Habeas Corpus* at 4 (Docket # 1).

### 1.     The Majority Opinion

In its majority opinion, the Maine Law Court rejected Mr. Heon's claims. *Heon*, ¶ 6-9, 931 A.2d at 1069-70. The majority noted that he could succeed "only if the evidence before the post-conviction court *compels* findings that Heon's attorneys did not inform Heon that he faced a maximum sentence of twenty years total for the two separate counts, and that Heon was unaware that he faced such a penalty, and further *compels* the ultimate finding that the performance of his attorneys was below the ordinary fallible attorney standard." *Id.* ¶ 8, 931 A.2d at 1070. Reviewing the record below, the Maine Law Court concluded that the "evidence does not compel such findings." *Id.* ¶ 9, 931 A.2d at 1070. It stated that "[a]lthough the particular phrase 'twenty years' was never used, it is nevertheless clear from the record that Heon was very much aware at the Rule 11 hearing that he was pleading guilty to, and would be convicted of, two separate Class B aggravated assaults; that the maximum sentence for each of the Class B aggravated assaults was ten years; and that the sentences to be imposed for each would run consecutively." *Id.*

### 2.     The Dissent

Citing Maine Rule 11(c), the dissent noted that the defendant must be informed of the maximum possible sentence that can be imposed. *Id.* ¶ 12, 931 A.2d at 1071.

Reviewing the same transcript that led the majority to conclude that it was clear Mr. Heon was properly informed, the dissenting justices wrote that "the record of Heon's plea proceeding does not demonstrate that he was informed of the maximum possible prison sentence in open court." *Heon*, ¶ 11, 931 A.2d at 1071. The dissent concluded that "the performance of counsel is inadequate when the criminal defendant enters a guilty plea and the record of the plea proceeding does not demonstrate that the defendant was informed in the courtroom of the maximum prison sentence that could be imposed." *Id.*

### D.     The § 2254 Standard

In assessing a § 2254 petition for writ of habeas corpus, this Court does not act as an appellate court, reviewing the decisions of the state supreme court. Consistent with the statutory directive to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), a federal court may not grant an application for writ of habeas corpus "unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d)(1)-(2). Regarding "unreasonable determination of the facts," the statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* at § 2254(e)(1).

4

### 1. Unreasonable Determination of the Facts

Turning first to the second prong, "unreasonable determination of the facts," the Court carefully reviewed the transcript of the Rule 11 proceeding, the transcript of the post-conviction habeas hearing, the majority opinion in *Heon*, and the dissent.[1] The Court agrees with the Magistrate Judge that Mr. Heon "has not defeated the presumption of correctness with clear and convincing evidence to the contrary." *Rec. Dec.* at 16; 28 U.S.C. § 2254(e)(1). This effectively negates any claim "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under 28 U.S.C. § 2254(d)(2). This conclusion is significant because the disagreement between the majority and dissent in *Heon*, when distilled, may be an appellate difference of opinion on whether the evidence before the Superior Court Justice was sufficient to support her conclusion that Mr. Heon's plea was knowing and voluntary. If the dispute between the majority and minority in *Heon* is a difference in interpretation of the evidence, rather than a difference in interpretation of the law, there is no basis for issuing a certificate of appealability.

### 2. Unreasonable Application of Clearly Established Federal Law

Mr. Heon's remaining avenue for post-conviction relief is to demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an

---

[1] Mr. Heon pleaded guilty to two Class B aggravated assaults, counts four and seven of the indictment. During the Rule 11, Mr. Heon told the judge that he understood that the maximum sentence he could receive for the crime of Class B aggravated assault was ten years. *Rule 11 Tr.* 4:12-20. The Superior Court Justice expressly informed Mr. Heon that he had "just pleaded guilty to two Class B felonies." *Id.* 3:6-7. She did not add up the two ten-year sentences nor did she explicitly tell Mr. Heon that the ten-year sentences could be consecutive. On the other hand, during the Rule 11 hearing, the prosecutor said that under the plea agreement, the sentence on count seven would be "open," and the sentence on count four "would be consecutive to the sentence on count seven, but that that would be, whatever it is, a totally suspended sentence with probation." *Id.* 5:24-25; 6:1-19. At the post-conviction hearing, Mr. Heon testified that he knew he was pleading guilty to two separate crimes of aggravated assault, but said he could not recall whether he discussed the consecutive nature of the counts with his attorney. *Post-Conviction Tr.* 31:25; 32:1-5.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  The standard at this stage is not whether the majority or the dissent in *Heon* should have carried the day.  It is whether the Maine Supreme Court decision either "applies a rule that contradicts the governing law set forth in the Supreme Court's cases" or "identifies the correct governing legal principle from Supreme Court cases but unreasonably applies it to the facts of the prisoner's case, or . . . either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *L'Abbe v. DiPaolo*, 311 F.3d 93, 96 (1st Cir. 2002) (internal punctuation omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 404-07 (2000)).  Here, the Court cannot conclude that the majority's opinion in *Heon* falls below the *Williams v. Taylor* standard:  "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." 529 U.S. at 411 (2000).

      First, the Court does not conclude that the *Heon* majority is incorrect as a matter of law.[2]  Second, as the Magistrate Judge observed, "[e]ven assuming the dissent should be deemed to have the better view of the law, and the majority is in error, the 'increment of incorrectness' in the majority's decision is not 'great enough to make the decision unreasonable in the independent and objective judgment of the federal court.'"  *Rec. Dec.*

---

[2] Maine Rule 11(c)(1) requires the trial court to "inform the defendant of, and determine that the defendant understands, the following:  (1) the elements of <u>the crime charged</u>, the maximum possible sentence, and any mandatory minimum sentence."  Me. R. Crim. P. 11(c)(1); *see* Fed. R. Crim. P. 11(b)(1)(H).  Other than the *Heon* dissent, the Court has not found any court that has held that in order to comply with Rule 11, where a defendant is pleading guilty to multiple counts, a trial judge must add up the total maximum sentence for each count, expressly inform a defendant of the total, and confirm the defendant's understanding of the calculation on the record.

at 15 (quoting *McCambridge v. Hall*, 303 F.3d 24, 36 (1st Cir. 2002)).  Third, even if the dissent in *Heon* can be interpreted as saying that in multiple count guilty pleas, Maine Rule 11(c)(1) requires the trial judge to add each maximum term from each count and expressly inform the defendant of the cumulative potential penalty for all counts, the context in this § 2254 petition is whether defense counsel failed to meet the *Strickland* standard.  *Sleeper v. Spencer*, 510 F.3d 32, 38 (1st Cir. 2007) (stating that "[t]o establish that counsel's performance was deficient, a defendant must show that it fell below an objective standard of reasonableness under the circumstances").  The Court cannot conclude that a defense lawyer who during a Rule 11 heard a trial judge expressly inform his client that the crime of aggravated assault carried a ten-year maximum term of incarceration, who heard the trial judge explain to his client that he was pleading guilty to two such crimes, and who heard the prosecutor explain that the sentence on the second count would be consecutive to the sentence on the first count would violate the *Strickland* standard by failing to insist that the trial judge tell his client that a maximum of ten years for one count plus a maximum of ten years for a second count equals a total maximum of twenty years.

In these circumstances, despite the dissent in *Heon* and despite the fact that doubt should be resolved in favor of the petitioner, the Court cannot approve the certificate of appealability.  *Russo v. Johnson*, 129 F. Supp. 2d 1012, 1024 (S.D. Tex. 2001) (stating that in determining whether to grant a certificate of appealability, any doubt should be resolved in favor of the petitioner).  Mr. Heon has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b); *Smith v. United States*, 989 F. Supp. 371, 374-75 (D. Mass. 1997).

### III. CONCLUSION

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 17) is hereby AFFIRMED; and,

2. It is further ORDERED that the Petitioner's 28 U.S.C. § 2254 Petition (Docket # 1) be and hereby is DENIED and the State's Motion to Dismiss (Docket # 9) is GRANTED; and,

3. It is further ORDERED that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of January, 2009